990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Justino C. ROBLES, Defendant-Appellant.
 No. 92-50175.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-89-598-01-JSR, John S. Rhoades, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Justino C. Robles appeals his convictions, following a jury trial, for conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. Robles contends that the district court erred by denying his motion for acquittal because he was entrapped as a matter of law. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the sufficiency of evidence to determine whether, viewing the evidence in the light most favorable to the government, any rational jury could have concluded that Robles was predisposed to commit the charged offenses. See United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992).
 
 
 4
 "To be entitled to acquittal as a matter of law on the basis of entrapment, ... [Robles] must point to 'undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act' by government agents." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992) ( quoting Hart, 963 F.2d at 1283). "Where the Government has induced an individual to break the law and the defense of entrapment is at issue, ... the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents."[1] Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992). Evidence that the defendant promptly availed himself of a criminal opportunity is sufficient to demonstrate the defendant's predisposition. See Hart, 963 F.2d at 1283; see also Jacobson, 112 S.Ct. at 1541.
 
 
 5
 Here, a Drug Enforcement Administration ("DEA") agent and his informant made five visits to a used car lot in December 1988 to obtain drugs from Leobardo Garcia. Robles, who was a salesman at the lot, was present at a meeting between Garcia, the DEA agent, and the informant regarding drug purchases. The informant struck up a friendship with Robles and made many separate visits to the lot to see Robles. The informant testified that during one of these visits he raised the subject of purchasing drugs and Robles readily agreed to put the informant in contact with people who sold drugs at a better price than Garcia. Subsequently, Robles introduced the informant to two individuals from whom the informant purchased drugs.
 
 
 6
 Robles alleged that he was not predisposed to commit the instant offenses and committed them only after being coerced by the informant. Robles also alleged that the informant offered him a commission. The informant denied coercing Robles or offering him a commission. The jury was entitled to believe the informant rather than Robles. See Hart, 963 F.2d at 1283. The jury could have concluded from the evidence of ready agreement that Robles was " 'predisposed to violate the law before the Government intervened.' " Hart, 963 F.2d at 1283 (sufficient evidence to demonstrate predisposition where defendant readily admitted that he was involved in distributing cocaine and agreed to obtain cocaine for government agent without being pressured to do so) ( quoting Jacobson, 112 S.Ct. at 1540 n. 2). Therefore, the district court did not err by denying Robles' motion for acquittal. See Hart, 963 F.2d at 1283.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government does not dispute that the informant initiated the idea of the drug sale. Therefore, government inducement of the crime is established as a matter of law. See Skarie, 971 F.2d at 320